Mark L. Javitch (CA SBN 323729)
Javitch Law Office
480 S. Ellsworth Ave.
San Mateo, CA 94401
Telephone: 650-781-8000
Facsimile: 650-648-0705
mark@javitchlawoffice.com
*Plaintiff/Attorney*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| MARK L. JAVITCH, an individual<br><br>Plaintiff,<br><br>vs.<br><br>MAJOR LEAGUE CAPITAL, LLC, a Florida limited liability company, JOSHUA STARR, an individual, MERCHANT DIRECT LLC, an unknown business entity, DAN FIORE, an individual, SHORE FUNDING SOLUTIONS INC., a New York corporation, BRANDTECH SOLUTION LLC, a California limited liability company, ROYAL ADMIN. SERVICES, LLC., a Massachusetts limited liability company, NATIONAL CONGRESS OF EMPLOYERS, INC., a Delaware corporation, FT OPERATING COMPANY, LLC d/b/a TALUS PAYMENTS, CHUBB GROUP HOLDINGS, INC., a Delaware corporation,<br><br>Defendants. | Case Number: 3:19-cv-03041<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

1. Plaintiff Mark L. Javitch ("Plaintiff") brings this Complaint and Demand for Jury Trial against Defendant MAJOR LEAGUE CAPITAL, LLC, Defendant JOSHUA STARR, Defendant MERCHANT DIRECT, LLC, Defendant DAN FIORE, Defendant

COMPLAINT                                            CASE NO.: 3:19-cv-03041

Page 1

SHORE FUNDING SOLUTIONS, INC., Defendant BRANDTECH SOLUTIONS LLC, Defendant ROYAL ADMINISTRATION SERVICES, LLC, Defendant NATIONAL CONGRESS OF EMPLOYERS., INC., Defendant FPT OPERATING COMPANY, LLC d/b/a TALUS PAYMENTS, and Defendant CHUBB GROUP HOLDINGS, INC. (Defendant "Chubb") (together "Defendants") to stop placing calls to Plaintiff's cellular telephone and to obtain redress as authorized by statute.

## NATURE OF THE ACTION

2.  Defendants offer services to businesses and consumers.  As a part of marketing their products and services, Defendants and their agents placed calls to Plaintiff's cell phone that used an autodialing system or a prerecorded voice advertisement.

3.  Unfortunately, Defendants did not obtain consent from Plaintiff prior to calling his cell phone, and Defendants are therefore liable under the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA").

4.  Congress enacted the TCPA in 1991 to restrict the use of sophisticated telemarketing equipment that could target millions of consumers *en masse*.  Congress found that these calls were not only a nuisance and an invasion of privacy to consumers specifically but were also a threat to interstate commerce generally.  *See* S. Rep. No. 102-178, at 2-3 (1991), as reprinted in 1991 U.S.C.C.A.N. 1968, 1969-71.

5.  The TCPA targets unauthorized calls exactly like the ones alleged in this case, based on Defendants' use of technological equipment to send calls to Plaintiff's cell phone without his consent.

6.  By placing the calls at issue, Defendants have violated the privacy of Plaintiff and caused him to suffer damages that are recognized by statute.

7.  Plaintiff therefore seeks an injunction requiring Defendants to stop calling his cell phone, as well as an award of actual and statutory damages, civil penalties, costs and reasonable attorneys' fees.

## PARTIES

8. Plaintiff Mark L. Javitch is a natural person and is a citizen of the Northern District of California.

9. Defendant MAJOR LEAGUE CAPITAL, LLC (Defendant "Major League") is a limited liability company organizing and existing under the laws of the State of Florida with its principal place of business at 3609 NE 207th St, Aventura, Florida 33180.

10. Defendant JOSHUA STARR (Defendant "Starr") is an individual that upon information and belief, is a citizen of Miami-Dade County, Florida. Defendant Starr is manager of Defendant Major League and is responsible for the allegations of Defendant Major League herein.

11. Defendant SHORE FUNDING SOLUTIONS, INC. (Defendant "Shore") is a corporation organizing and existing under the laws of the State of New York with its principal place of business at 2 Huntington Quadrangle, Suite 1N15, Melville, NY 11747

12. Defendant MERCHANT DIRECT LLC (Defendant "Merchant Direct") is an unknown business entity d/b/a merchantdirectsolutions.com with its principal place of business in Atlantic City, New Jersey.

13. Defendant DAN FIORE (Defendant "Fiore") is a resident of Atlantic City, New Jersey. Defendant Fiore is owner, manager, and in direct control of Defendant Merchant Direct.

14. Defendant BRANDTECH SOLUTION LLC (Defendant "Brandtech") is a limited liability company organizing and existing under the laws of the State of California with its principal place of business at 12900 Garden Grove Blvd, Bldg B Suite 170, Garden Grove, California, 92843.

15. Defendant ROYAL ADMINISTRATION SERVICES, LLC (Defendant "Royal") is a limited liability company organizing and existing under the laws of the State of Massachusetts with its principal place of business at 51 Mill St., Bldg F, Hanover MA 02339.

16. Defendant NATIONAL CONGRESS OF EMPLOYERS, INC. ("Defendant NCE") is a corporation organizing and existing under the laws of the State of Delaware with its principal place of business at 1101 Pennsylvania Avenue, Sixth Floor, Washington, D.C. 20004.

17. Defendant FPT OPERATING COMPANY, LLC d/b/a TALUS PAYMENTS (Defendant "Talus") is a limited liability company organizing and existing under the laws of the State of Delaware with its principal place of business at 12700 Park Central Drive Ste 1100, Dallas, Texas, 75251.

18. Defendant CHUBB GROUP HOLDINGS, INC. ("Defendant Chubb") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 1133 Avenue of the Americas, New York, NY 10036.

## JURISDICTION AND VENUE

19. This Court has federal subject matter jurisdiction under 28 U.S.C. §1331, as this action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227, which is a federal statute.

20. This Court has supplemental jurisdiction over all Plaintiff's California and common law claims under 28 U.S.C. § 1367(a) because they are so related to the TCPA claims in this action that arise under the Court's original jurisdiction that they form part of the same case or controversy under Article III.

21. This Court has personal jurisdiction over Defendants because they conduct business in this District and in the State of California and because the events giving rise to this lawsuit occurred in this District.

22. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because Defendants regularly conducts business in the State of California and in this District, and because the wrongful conduct giving rise to this case occurred in this District.

**DEFENDANTS CALL & TEXT PLAINTIFF WITHOUT CONSENT**

23. On January 25, 2019, at 1:25 p.m., Plaintiff received a call on his cell phone.

24. When Plaintiff answered the call, he heard a prerecorded voice advertising Defendant Royal's services for auto warranties and/or auto insurance.

25. Plaintiff pressed one and was then connected with a live agent from Defendant Royal.

26. On January 28, 2019, Plaintiff, Plaintiff received a call at 1:03 p.m. from 224-333-1176 on his cell phone.

27. When Plaintiff answered the call, he heard a prerecorded voice advertising Defendant Shore's services for business loans.

28. Plaintiff pressed one and was then connected with a live agent from Defendant Shore.

29. On January 31, 2019, Plaintiff received a call on his cell phone.

30. When Plaintiff answered the call, he heard a prerecorded voice advertising health plans.

31. Plaintiff pressed one and was connected with a live agent from Defendant NCE and Defendant Chubb.

32. On February 14, 2019, Plaintiff received an auto-dialed call from Defendant Talus Payments.

33. When Plaintiff answered, there was a long delay before anyone came on the line. After about 10 seconds, an agent from Defendant Talus Payments came on the line.

34. On February 20, 2019, Plaintiff received a call at 9:10 a.m. from Defendant Merchant Direct on his cell phone.

35. When Plaintiff answered the call, he heard a prerecorded voice message advertising Defendant Merchant Direct's services for business loans.

36. Plaintiff pressed one and was then connected with a live agent from Defendant Merchant Direct and/or Defendant Fiore.

37.     On March 6, 2019, Plaintiff, Plaintiff received a call at 11:12 a.m. on his cell phone.

38.     When Plaintiff answered the call, he heard a prerecorded voice message advertising Defendant Brandtech's services for business listings.

39.     Plaintiff pressed one and was then connected with a live agent from Defendant Brandtech.

40.     On April 10, 2019, Plaintiff received a call from Defendant Major League, Defendant Starr, and/or their agents.

41.     When Plaintiff answered the call, he heard a prerecorded voice message advertising Defendant Major League's services for business loans.

42.     Plaintiff pressed one and was then connected with a live agent from Defendant Major League.

43.     On April 11, 2019, Plaintiff received another auto-dialed call from Defendant Talus Payments.

44.     When Plaintiff answered, he heard a 10 second delay until an agent from Defendant Talus Payments came on the line.

45.     Plaintiff never consented to receive calls from Defendants.

### FIRST CAUSE OF ACTION
Willful and/or Knowing Violation of 47 U.S.C. § 227  
Telephone Consumer Protection Act of 1991  
(Against all Defendants)

46.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

47.     Defendants and/or their agents placed calls to Plaintiff's cellular telephone.

48.     Plaintiff never consented to receive calls from Defendants.  Plaintiff has no relationship with Defendants.

49. Defendants' calls were made for the purpose of marketing and advertising Defendants' products and services. These calls constituted commercial advertising and telemarketing as contemplated by the TCPA.

50. Defendants (other than Defendant Talus Payments) played a prerecorded voice message to Plaintiff's cell phone as proscribed by 47 U.S.C. § 227(b)(1)(A)(iii).

51. Defendant Talus Payments called Plaintiff using an automatic telephone dialing system ("ATDS") which is also proscribed by 47 U.S.C. § 227(b)(1)(A)(iii).

52. As a result of its unlawful conduct, Defendants invaded Plaintiff's personal privacy, causing him to suffer damages and, under 47 U.S.C. § 227(b)(3)(B), entitling Plaintiff to recover $500 in civil penalties for each violation and an injunction requiring Defendants to stop their illegal calling.

53. Not only did Defendants make these violating calls, Defendants and/or their agents did so "knowingly" and/or "willfully" under 47 U.S.C. § 227(b)(3)(C).

54. If the court finds that Defendants willfully or knowingly violated this subsection, the court may exercise its discretion to increase the amount of the award from $500 to $1500 per violation under 47 U.S.C. § 227(b)(3)(C).

**SECOND CAUSE OF ACTION**
Violation of California Do Not Call Law
Cal. Bus. & Prof. Code §17592
(Against all Defendants)

55. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

56. Cal. Bus & Prof. Code §17592(c)(1) prohibits telemarketers from calling California cell phones on the federal "Do Not Call" list and attempting to sell services.

57. Plaintiff registered his cell phone number on the Federal Do Not Call List in February 2012.

58. Plaintiff has lived in California since 2013.

59. Therefore, Defendants have violated §17592(c)(1) by calling Plaintiff's cell phone for commercial advertising purposes.

60. Plaintiff has and continues to incur damages that are actual and recognized by statute.

61. Plaintiff has a private right of action under §17204.

### THIRD CAUSE OF ACTION
Unfair Violation of California Unfair Competition Law
Cal. Bus. & Prof. Code §17200.
(Against all Defendants)

62. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

63. The unfair prong of California's Unfair Competition Law prohibits unfair business practices that either offend an established public policy or that are immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers.

64. The utility of Defendants' unwanted calls is very low (as the calls are outlawed) and is vastly outweighed by the serious gravity of harm in the incursion on Plaintiff's privacy.

65. Plaintiff answered the phone based on Defendants' unfair business practices and incurred statutorily recognized harm.

66. Plaintiff is entitled to restitution or injunctive relief under this section.

### FOURTH CAUSE OF ACTION
Unlawful Violation of California Unfair Competition Law
Cal. Bus. & Prof. Code §17200.
(Against all Defendants)

67. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

68. The unlawful prong of California Business and Professions Code §17200 prohibits any unlawful business practice.

69. Each of Defendants' violations of 47 U.S.C. §227(b)(1)(A)(iii), Cal. Civ. Code §1770(a)(22)(A), Cal. Civ. Code §17592(c)(1) as described herein all constitute separate and cumulative violations of §17200.

70. Plaintiff is authorized to pursue a private right of action against Defendant under §17204.

## FIFTH CAUSE OF ACTION
Violation of Cal. Civ. Code §1770(a)(22)(A)
California Consumers Legal Remedies Act
(Against all Defendants except Defendant Talus Payments)

71. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

72. Cal. Civ. Code §1750, et seq., California's Consumer Legal Remedies Act, prohibits a specific list of 27 unfair business practices.

73. Cal. Civ. Code §1770(a)(22)(A) prohibits "[d]isseminating an unsolicited prerecorded message by telephone without an unrecorded, natural voice first informing the person answering the telephone of the name of the caller or the organization being represented, the address or the telephone number of the caller, and without first obtaining the consent of that person to listen to the prerecorded message."

74. By playing a prerecorded voice message to Plaintiff's cell phone without first asking for his consent with a natural voice, Defendants have repeatedly violated Cal. Civ. Code §1770(a)(22)(A).

75. Consumers who suffer damage due to an unlawful business practice may bring an action to enjoin a corporation's unlawful business practices throughout the state on behalf of the general public.

76. Plaintiff is entitled to injunctive relief and attorney's fees (if incurred).

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Mark Javitch prays for the following relief:

a) An injunction requiring Defendants to cease all calls to Plaintiff;

b) An order declaring that Defendants' actions, as set out above, violate the TCPA;

c) An order declaring that Defendants' actions, as set out above, *knowingly* and *willfully* violate the TCPA;

      d) An order declaring that Defendants' actions, as set out above, violate California's Do Not Call Law §17592(c)(1);

      e) An order declaring that Defendants' actions, as set out above, violate the unfair prong of California's Unfair Competition Law §17200;

      f) An order declaring that Defendants' actions, as set out above, violate the unlawful prong of California's Unfair Competition Law §17200;

      g) An order declaring that Defendants' actions, as set out above, violate the California's Consumers Legal Remedies Act §1770(a)(22)(A);

      h) An award of actual and/or statutory damages and civil penalties;

      i) An award of reasonable attorneys' fees and costs; and

      j) Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Dated: June 3, 2019

                                      Respectfully submitted,

                                      MARK L. JAVITCH

                                      By: /s/ Mark L. Javitch         .

                                      Mark L. Javitch (SBN 323729)
                                      Javitch Law Office
                                      480 S. Ellsworth Ave
                                      San Mateo CA 94401
                                      Tel: 650-781-8000
                                      Fax: 650-648-0705
                                      mark@javitchlawoffice.com
                                      *Plaintiff/Attorney*

COMPLAINT                                                 CASE NO.: 3:19-cv-03041

Page 10